Plaintiffs, Mark P. Rickel, administrator of the estate of Joseph Rickel, and Allstate Insurance Co., seek review of a Public Health Service (PHS) refusal to reimburse them under the Public Health Service Act, 42 U.S.C. § 201 (1976), for certain medical expenses incurred by decedent, Joseph *729 Rickel. Defendant claims that the refusal was justified because the decedent failed to give the Service timely notice of his admission for care. After oral argument and on the basis of the briefs submitted in support of cross-motions for summary judgment, we grant defendant’s motion and deny plaintiffs.
The decedent was a merchant seaman employed on the vessel bethflor from 1974 to 1975. On March 7,1976, while recuperating from injuries received on the job, and for which he was treated primarily at a PHS hospital, he sustained injuries in Pennsylvania in an auto accident. He was hospitalized from March 7 to April 12, 1976 in a private, non-PHS facility. He incurred $14,169.10 in medical expenses all of which were paid for by a private insurer, Allstate Insurance Company.
After Joseph Rickel left the hospital, Allstate, on his behalf,[1] made two general inquiries about PHS eligibility to the PHS hospital in Baltimore, one on November 15, 1976 and the other on August 5, 1977. On October 17, 1977, Allstate made a detailed request for reimbursement by PHS of the medical expenses incurred in the private hospital. This request was denied by the Baltimore hospital on November 3, 1977, because decedent failed to notify the agency, in time, of his admission to the non-PHS facility and failed to obtain the required authorization from the PHS for such non-PHS benefits.
Merchant seamen are eligible for PHS benefits under the Public Health Service Act, 42 U.S.C. § 249(a) (1976). The expense of care received at a medical or hospital facility not part of the Service is reimbursable by the PHS but only after authorization by an officer in charge at one of the Service facilities pursuant to appropriate regulations. 42 U.S.C. § 249(e) (1976). See Covert v. Centennial Queen, 185 F. Supp. 552, 554 (D. Ore. 1960). The regulations provide that to receive these benefits in cases of emergency:
[A] sick or disabled seaman shall, upon admission for such condition or as soon thereafter as is practicable under the circumstances, either personally or by proxy, notify the nearest authorizing official of the fact of such *730 admission and treatment and shall furnish appropriate identification and satisfactory evidence of eligibility for such benefits, [emphasis added]
42 C.F.R. § 32.13(b) (1980).
The PHS was first notified (by Allstate) of the decedent’s treatment at a private hospital on November 15, 1976.[2] This was more than eight months after his admission to the hospital and more than six months after his release. We hold that in these circumstances eight months is not "as soon as practicable.”[3] Having failed to give proper notice, decedent was not eligible for benefits under the Act.
Plaintiffs argue that the Act was intended to provide benefits and should be construed liberally, and that under the correct standard notice here was given within a reasonable amount of time. In the circumstances of this case, we disagree. First, the Act was designed to provide necessary benefits through PHS facilities; authorization for non-PHS treatment was to be obtained so as to ensure cost control by PHS. Second, the regulations require notice as soon as practicable, not merely within a reasonable time. To find the eight months that elapsed in this instance — six months after Joseph Rickel’s release from the hospital — to be a proper period of time within which to give notice would seriously undermine the Act’s purposes of utilizing PHS facilities whenever possible, and of giving PHS the opportunity, as soon as practicable, to transfer the patient from the non-PHS facility, to arrange for PHS-provided treatment, or to control the costs of the claimant’s reimbursable medical care.
Plaintiff argues that the PHS notification requirement is invalid because unfair to insurance companies who may be subrogated. We reject this argument. The provision of government care was meant to be personal for the seaman and not for others. He would know of his own hospitalization rights and of his injury. Defendant’s liability is not to be enhanced because the seaman may have been derelict in protecting subrogated interests. It could therefore require *731 notice at the earliest date it would be reasonable to expect the seaman to give it if he desired to do so in his own interest.
Accordingly, the defendant’s motion for summary judgment is granted, the plaintiffs motion is denied and the petition is dismissed.

 For purposes of this decision, we assume that Allstate could properly give notice for decedent as his proxy.

 Because of our disposition of this case, we need not decide whether this letter was sufficiently detailed to constitute notice under § 32.13(b).

 We do not decide whether the PHS internal regulations requiring notice within two days are applicable here or are consistent with the statutory purpose.